IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN K. DEDIC,<br><br>    Plaintiff,<br><br>v.<br><br>GARALD E. PRICE, CPA., *et. al.*,<br><br>    Defendants. | )<br>)  Case No. 4:11-cv-0430-NKL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is the Motion by Defendants Garald E. Price and Garald Price & Associates, P.A., to Transfer Venue [Doc. # 20] of Dedic's claims to the District of Idaho. For the following reasons, the Court denies the motion.

**I.**     **Background**

Plaintiff filed this action in the Western District of Missouri alleging ten separate counts against Defendants, including fraud; sale of unregistered securities; and breach of contract. On August 15, 2011, Defendants filed this motion, alleging that the case would be more appropriately litigated in the District of Idaho.

**II.**     **Discussion**

Section 1404(a) provides that "for the convenience of the parties and witnesses, in

1

the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In addition to the interest of justice and the convenience of the parties and witnesses, "a motion to transfer under Section 1404(a) calls on the district court to weigh in the balance a number of case-specific factors." *Terra Int'l, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

A district court possesses broad discretion in deciding whether to transfer venue under § 1404(a). *Terra Int'l,* 119 F.3d at 695. Courts give considerable deference to Plaintiff's choice of forum and the Defendant bears the burden of overriding that deference. *Id.*; *New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102 (2nd Cir. 2010) (movant must provide "clear and convincing evidence" to warrant transfer). When reviewing a motion to transfer venue under § 1404, a court may consider evidence outside the pleadings but must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. *See e.g., United States v. Gonzales & Gonzales Bonds and Ins. Agency, Inc.*, 677 F.Supp.2d 987, 991 (W.D. Tenn. 2010).

Here, Defendants have failed to meet their burden of showing that a transfer would be in the interests of justice. Importantly, Plaintiff's complaint indicates that a substantial portion of the events giving rise to this action occurred in Missouri. Specifically, Plaintiff alleges that the Defendants solicited the relevant contracts and investments, and offered and sold the securities at issue, to Plaintiff in Jackson County, Missouri. [Doc. # 18 at

2

Case 4:11-cv-00430-NKL   Document 34   Filed 11/02/11   Page 2 of 5

1].[1] Further weighing against transfer is the fact that here, the parties dispute whether Missouri or Idaho law applies; if Missouri law does apply, it will be of significant benefit to keep the case within a Missouri forum.

Regarding convenience factors, the Court finds the convenience of the parties a neutral factor, as Defendants all reside in Idaho, while Plaintiff was a resident of Missouri at the time the action arose and continues to reside in the State. As far as convenience of access to sources of proof, the presence of electronic discovery reduces the inconvenience for both parties, making this a neutral factor. Finally, as to convenience of the witnesses, Defendants do identify in their reply briefing a list of potential non-party witnesses who are Idaho residents. Though it is possible that these potential witnesses are highly important to Defendants' case, Defendants have not provided information that any of the gym, bank and Gold's Plaza employees and members are indeed essential witnesses; in fact, Defendants have not yet even identified the specific witnesses which they intend to call from that general list of gym and bank employees, or how the testimony of any of those persons would be relevant. *See Motorola Mobility, Inc . v. Microsoft Corp*, ---- F. Supp. 2d ---- , 2011 WL 3611825, * 3 (S.D. Fla. 2011) (in analyzing convenience of witnesses, "'the court must qualitatively evaluate the materiality of the testimony that the witness[es] may provide' in the case and may not just compare the number of witnesses in

---

[1] While Defendants appear to dispute, at least in part, these assertions by Plaintiff, the Court will resolve the factual dispute in favor of the Plaintiff for the purposes of this motion. Otherwise, the Court would have to resolve factual disputes intertwined with the merits to decide a preliminary procedural question.

3

each forum"). Defendants rely heavily on the fact that the potential non-party witnesses they have identified fall outside the subpoena power of the Court; however, Defendants have not provided anything more than their attorney's conclusory allegation that these witnesses would not voluntarily appear. *See Washington v. Omega Protein Inc.,* 2011 WL 5038832, * at 2 (E.D.La.,2011) ("Regarding the plaintiff's generalized contention of [witness] unavailability, his forecast statement that the [witness] will be unavailable is unsupported by any evidence other than his own conclusory assertions and, therefore, too speculative to be persuasive."). Moreover, even if outside the subpoena power of the Court, they are subject to deposition which can be used in this Court if they are unavailable.

Though the Court acknowledges that non-party witnesses would be inconvenienced if they have to travel, this inconvenience is not sufficient to override the other considerations of the Court, particularly deference to Plaintiff's choice of forum and the showing made by Plaintiff that the locus of operative facts lies in Missouri.

## III. Conclusion

For the above reasons it is hereby ORDERED that Defendants' Motion to Transfer Venue [Doc. # 20] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  November 2, 2011
Jefferson City, Missouri